# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PETER JAMES BRUSH,           )
                             )
        Plaintiff,     )
                             )
vs.                          )     NO. CIV-04-0491-HE
                             )
MIKE BURGESS, ET AL.,        )
                             )
        Defendants.    )

## ORDER

Plaintiff Peter James Brush, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, claiming the defendants violated his constitutional rights during his incarceration as a pretrial detainee. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who issued a Report and Recommendation. Judge Roberts recommended that plaintiff's claims for injunctive relief be denied as moot and that judgment be granted in favor of defendants on plaintiff's Eighth Amendment claim because of the inability of the plaintiff to show that the defendants were deliberately indifferent to his safety, and the Fourteenth Amendment claims because of the lack of evidence regarding a violation of either procedural due process or the equal protection clause.[1] This Court entered an order adopting the Report and

---

[1] *To establish liability under the Eighth Amendment of the Constitution for failing to take reasonable care of inmates, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of harm and that the defendants were deliberately indifferent to his need for protection.* <u>Farmer v. Brennan</u>, *511 U.S. 825, 834 (1994). Although the plaintiff contends the jail was overcrowded, the number of inmates incarcerated at the Custer County Jail is not demonstrative that the defendants were deliberately indifferent to plaintiff's safety. As the magistrate judge correctly noted, the undisputed facts do not establish the alleged understaffing, and, in any event, no causal relationship between staffing levels and the alleged injury has been*
(continued...)

Recommendation on June 24, 2005, but permitted the late filing of plaintiff's objections to the Report and Recommendation.[2] Therefore, the Court's June 24, 2005, order deeming the Report and Recommendation confessed and the corresponding judgment is **VACATED**.

The Court reviews de novo the plaintiff's objections regarding the Eighth Amendment claim and concurs with the magistrate judge's analysis and adopts her Report and Recommendation.[3] Accordingly, the Report and Recommendation is **ADOPTED**. Plaintiff's request for injunctive relief is **DENIED** as moot and the defendants' motions for summary judgment are **GRANTED**.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
*shown.*

[2]*Plaintiff requested more time to respond to the Report and Recommendation by letter dated July 19, 2005. The Court construed the letter as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Order, July 21, 2005.*

[3]*Plaintiff objected only to the magistrate judge's recommendations regarding the Eighth Amendment claim. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made.). In the objections to the Report and Recommendation, plaintiff offered a new claim that the law library is inadequate. The Court will not consider this argument because "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001).*